IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, | ) |
| | ) |
|                  Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| R-4 CONTROL OFFICER, | ) |
| PERCY C. MEYERS, | )   Case No. 21-cv-1024-DWD |
| WEXFORD HEALTH SOURCE, INC., | ) |
| DAVID MITCHELL, | ) |
| ROB JEFFREYS, | ) |
| DEBBIE KNAUER, | ) |
| AND CHRISTINE BROWN, | ) |
| | ) |
|                  Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Andrew Lamon, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center (Pinckneyville). (Doc. 1). Plaintiff alleges that on February 9, 2021, he suffered a heart attack at Pinckneyville. He alleges that the defendants were deliberately indifference in response to the situation. He requests declaratory and compensatory relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). However, conclusory statements and labels are insufficient. Enough facts must be provided to state a claim for relief that is plausible on its face. *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013). The pleading standard does not require detailed factual allegations, but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## The Complaint

Plaintiff alleges that on February 9, 2021, he began to experience severe chest pains, so he pushed the emergency call button in his cell multiple times over the course of approximately 30-minutes to call for help. (Doc. 1 at 10). Eventually, Plaintiff got a fellow inmate's attention, and that individual sought help on his behalf. Once he arrived at the prison's healthcare unit, Plaintiff alleges that the onsite doctor (Defendant Myers) and a nurse did little to help him. He was given two doses of medication, which did not provide relief, an IV, and a face mask that did not help him breath better. (*Id.* at 11). At 1p.m. an ambulance crew arrived and Plaintiff was transported to a local hospital.

Plaintiff alleges that Defendant Wexford Health Sources, Inc., maintains an unconstitutional policy or practice, which prevented the healthcare staff from rendering

adequate treatment during his heart attack. Specifically, he alleges that the policy prevents Defendants Meyers, Brown, or medical staff from administering medication or oxygen for chest pain. (*Id.* at 12).

Additionally, Plaintiff alleges that all defendants intentionally inflicted emotional distress upon him by delaying or denying him adequate medical care for his severe chest pains, that led to a massive heart attack.

In support of his complaint, Plaintiff submitted medical records, and grievances concerning the medical care he received in response to his heart attack. (*Id.* at 13-55).

Based on the allegations in the Complaint, the court designates the following Counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim for the delayed response to Plaintiff's chest pain against Defendant R-4 Control Officer,**
>
> **Count 2:** **Eighth Amendment deliberate indifference for the treatment provided by Defendants Meyers;**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for the alleged policy or practice that prevented medical care for Plaintiff;**
>
> **Count 4:** **Intentional infliction of emotional distress claim against all Defendants for the care provided.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Twombly*, 550 U.S. at 570 (an action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Discussion

Claim 1 is adequate to survive initial review against defendant R-4 Control Officer for the delayed response to Plaintiff's severe chest pain. Likewise, Claim 2 is adequate to survive initial review against Defendant Meyers, because Plaintiff contends that Meyers did not respond appropriately to the serious situation, which resulted in a massive heart attack.

Claim 3 relates to a policy or custom held by Defendant Wexford. Wexford, a private corporation, cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). In other words, a plaintiff must show that "systematic and gross deficiencies in …[IDOC's] medical care system," caused his injury, and also that "a policymaker or official knew about these deficiencies and failed to correct them." *Daniel v. Cook Cty.*, 833 F.3d 728, 735 (7th Cir. 2016). Alternatively, a plaintiff must show that "the unlawful practice was so pervasive that acquiescence on the

part of policymakers was apparent and amounted to a policy decision." *Dixon v. Cty. Of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

Here, Plaintiff has specifically alleged that Defendant Wexford maintains a policy or custom that prevented medical staff from giving him adequate care. At this juncture, the allegations are sufficient to survive review, so Claim 3 will proceed against Wexford.

Claim 4 for intentional infliction of emotional distress will proceed against some defendants and be dismissed as to others. Plaintiff claims that all named defendants intentionally delayed medical care for his heart attack, but he does not explain how the majority of the defendants had any role at all in the provision of emergency care. Specifically, Plaintiff does not provide any factual allegations about what Defendants David Mitchell, Rob Jeffreys, Debbie Knauer, or Christine Brown personally did that caused him harm. Bare legal assertions without factual elaboration are not sufficient to state a claim. *See e.g.*, *Twombly*, 550 U.S. at 555. The claims against these parties will be dismissed because the allegations are not sufficient to put them on notice of their role in the allegedly harmful activities.

By contrast, Plaintiff has stated valid claims as to the R-4 Control Officer, Meyers, and Wexford Health Sources, Inc., so for the time being, Claim 4 can proceed against these parties.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against R-4 Control Officer. Claim 2 survives review against Defendant Meyers. Claim 3 survives review against Wexford Health Sources,

Inc.  Claim 4 survives only as to Defendants R-4 Control Officer, Meyers, and Wexford.  Claim 4 will be **DISMISSED** without prejudice as to Defendants Mitchell, Jeffreys, Knauer, and Brown.  Because Claim 4 was the only claim against these parties, the Clerk shall TERMINATE Jeffreys, Knauer and Brown.  Defendant Mitchell shall remain in the lawsuit solely for the purpose of helping to identify John/Jane Doe "R-4 Control Officer."  Although Plaintiff had sufficient funds to pay his filing fee in this case, the Court recognizes that his financial status is similar to that of an indigent inmate, and so the Court will provide service of process on his behalf.

The Clerk of Court is **DIRECTED** to prepare for Defendants Dr. Meyers, Wexford Health Sources, Inc. and Mitchell (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation

of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**  Warden Mitchell does not need to file an answer. Mitchell is only remaining in this lawsuit to assist with the identification of a John Doe defendant.  Once Mitchell enters an appearance in the lawsuit, the Court will issue a schedule to accomplish this limited task.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

[CONTINUED ON THE NEXT PAGE]

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

Dated: March 3, 2022

DAVID W. DUGAN
United States District Judge

<u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.