IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, R16056, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1024-DWD |
| | ) |
| ALINA BLIESCHG[1], ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Andrew Lamon, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Taylorville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Pinckneyville Correctional Center (Pinckneyville). Plaintiff alleges the defendants were deliberately indifferent his need for emergency care during a heart attack on February 9, 2021. Plaintiff filed a Motion for Summary Judgment (Doc. 66) solely against Defendant Alina Bleisch, a correctional officer who was on duty on the day of his heart attack. Defendant Bleisch has responded. (Doc. 70). For reasons explained herein, the Court finds it appropriate to deny Plaintiff's Motion without prejudice because it is premature, and the record does not adequately support judgment in his favor at this early juncture.

---

[1] The Clerk of Court is **DIRECTED** to update the docket sheet to reflect the correct spelling of Defendant Blieschg's name--Alina Bleisch. (Doc. 70).

**P**ROCEDURAL **H**ISTORY

Plaintiff initiated this case by filing a complaint on August 18, 2021. (Doc. 1). Upon initial review, the Court identified four valid claims:

Claim 1: Eighth Amendment deliberate indifference claim for the delayed response to Plaintiff's chest pain against Defendant Bleisch;

Claim 2: Eighth Amendment deliberate indifference claim for the treatment provided by Dr. Meyers;

Claim 3: Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for the alleged policy or practice that prevented medical care for Plaintiff;

Claim 4: Intentional infliction of emotional distress claim against all Defendants for the care provided.

(Doc. 13). The case proceeded first on limited discovery related to the exhaustion of administrative remedies (Doc. 31), and later to discovery on the merits (Doc. 55). Due to a recent discovery dispute between the parties about privileged documents, the Court appointed counsel for Plaintiff, and counsel appeared on his behalf on March 8, 2024. (Docs. 89, 90, 95, 96). Per the latest scheduling order, as modified by recent events, merits discovery will close on September 6, 2024, and dispositive motions are due by October 4, 2024. (Docs. 55, 89).

Meanwhile, on July 24, 2023, Plaintiff moved for summary judgment solely as to Claim 1 against Defendant Bleisch. (Doc. 66). Defendant Bleisch filed a timely response (Doc. 70), and Plaintiff moved for a status update (Doc. 75).

FACTS

The facts are recounted primarily from Plaintiff's Complaint and Motion for Summary Judgment, with disputes between the parties noted where relevant. At some point on February 9, 2021[2], Plaintiff was in his cell at Pinckneyville when he began to experience chest pain. (Doc. 1 at 10). Plaintiff activated the emergency call button in his cell, but he claims that he got no response for over 30-minutes. (*Id.*). As his pain intensified, Plaintiff grew more concerned. (Doc. 66 at 16). Eventually, Plaintiff got the attention of an inmate and officer who initiated his transfer to the prison's medical unit.

Defendant Bleisch worked in the control unit of Plaintiff's housing location on February 9, 2021. (Doc. 66 at 9; 29 (February 9, 2021, roster which shows Defendant Bleisch on duty from 7:00-15:00)). Plaintiff pressed the emergency call button multiple times. He argues that Defendant Bleisch failed to respond, but Defendant Bleisch counters that the emergency call buttons were constantly going off and that if she noticed repeated activations of a button, she would have sent someone to investigate the situation. (Doc. 66 at 9; Doc. 70 at 2).

Plaintiff argues by reference to Defendant Bleisch's job description (Doc. 66 at 25, 27), and by deposition testimony taken in a different case (Doc. 66 at 15)[3], that Bleisch was responsible for managing emergency medical needs. Given Bleisch's

---

[2] Plaintiff now states in his Motion for Summary Judgment that he pressed the call button at noon on February 9, 2021, but Defendant Bleisch contests this fact as unsupported by any evidence. (Doc. 66 at 9; Doc. 70 at 1-2).

[3] Plaintiff cites to *Robinson v. Moran*, 2008 WL 628708 (C.D. Ill. March 5, 2008). This case contains deposition testimony about emergency buttons in inmates' cells at Western Correctional Center. Plaintiff specifically relies on deposition testimony of a party who indicated that if an emergency light is activated, then a bubble officer has a duty to respond, usually by sending someone to investigate the situation.

responsibilities, Plaintiff contends that he has established her deliberate indifference to his serious medical needs on February 9, 2021.

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted).

To prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citation omitted). The first consideration is whether the prisoner has an "objectively serious medical condition." *Id.* Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the

condition and either knowingly or recklessly disregarded it.  *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008).  Deliberate indifference involves "intentional or reckless conduct, not mere negligence."  *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (*citing Gayton*, 593 F.3d at 620).  A choice to pursue an easier or less effective course of treatment, or a non-trivial delay in treating serious pain may also support a claim of deliberate indifference.  *Lockett v. Bonson,* 937 F.3d 1016, 1023 (7th Cir. 2019).

    B.  Analysis

Summary judgment is not appropriate at this early juncture in the case because, at minimum, the parties genuinely dispute the subjective component of the deliberate indifference claim against Defendant Bleisch, which requires that Plaintiff establish Defendant Bleisch subjectively knew that he faced serious harm but failed to act with utter disregard for his well-being.  Viewing the facts liberally in Defendant Bleisch's favor at this juncture, she has at least established that although the emergency lights regularly flashed in the control unit, if she saw a light flashing repeatedly, she would have initiated assistance.  This establishes a genuine dispute about Defendant Bleisch's subjective intent because it could support an inference that she was merely negligent in not responding to Plaintiff's call button.  The parties also disagree about how long the call button might have been flashing, which is another factor that might influence the assessment of Bleisch's actions.  Given the apparent factual disputes, and the fact that discovery is ongoing in this case, the Court will deny Plaintiff's Motion for Summary Judgment without prejudice.

<u>**DISPOSITION**</u>

Plaintiff's Motion for Summary Judgment (Doc. 66) is **DENIED** without prejudice.

Plaintiff's Motion for Status (Doc. 75) is **GRANTED** by the issuance of this Order.

The Clerk of Court is **DIRECTED** to update the docket sheet consistent with footnote 1.

**IT IS SO ORDERED.**

Dated: March 12, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge